PARKER v. GODSEY.

4-4978

Opinion delivered March 21, 1938.

Bob Bailey, F. D. Majors and John M. Parker & Son, for appellants.

Hays & Wait, for appellees.

HUMPHREYS, J. Suit was brought by appellants against appellees in the circuit court of Yell county to recover a balance of $214.25 alleged to be due them for legal services in collecting by foreclosure proceedings and other necessary litigation two notes and mortgages, alleging that they collected on the note and mortage executed by J. W. Blevins and his wife to appellees $2,100 in money, rents and property for which they were entitled to a fee of 10 per cent. or $210 under the contract; and that they secured deeds to lands embraced in the other mortgage, executed by J. S. Chastain to appellees, under a compromise in a foreclosure proceeding instituted by them, the amount involved being $4,010, on an agreed or contract fee of 10 per cent. of the amount involved less $66.65, amounting to $334.35.

They alleged that appellees paid them $175 on the Chastain collection and $200 on the Blevins collection and

were due a balance of $214.25 under and pursuant to the contracts entered into between them.

They also alleged that they rendered a statement of the account sued upon to appellees to which no response was made.

Appellees filed an answer to the complaint admitting that they contracted to pay appellants a fee of $210 on the Blevins collection and alleged that they had paid same. They filed a cross-complaint alleging that appellants had wrongfully withheld $200 out of the proceeds of the sale of a part of the property sold in the foreclosure proceedings brought against J. W. Blevins and his wife, and prayed for a return of said sum or a judgment against appellants for said amount.

The cause was submitted to a jury on the evidence introduced and instructions of the court resulting in a judgment against appellants for $200, from which is this appeal.

The real issue in the case was whether appellees employed appellants to foreclose both mortgages upon agreed fees, or whether they only employed them to foreclose the mortgage executed by Blevins to appellees and whether the subsequent litigation including the foreclosure of the Chastain mortgage, was incidental to and necessary in order to collect the indebtedness secured by the Blevins mortgage. If the employments were separate transactions or contracts then, of course, the payment of only one fee would not and could not settle both fees. The contention of appellants is that they were separate and distinct contracts and that the $200 payment was part payment on the first contract and the $175 payment was a partial payment on the second contract or foreclosure. In that event appellees should not have recovered back the $200 paid on the first contract or foreclosure and appellants should have recovered the balance due on both contracts or foreclosures.

The evidence introduced in the case was in conflict as to whether there were two employments or whether there was only one employment to foreclose the Blevins

mortgage and whether the subsequent litigation was incidental and necessary to the collection of the Blevins mortgage or whether the subsequent litigation or a part thereof was rendered under independent or separate contracts.

Oral instruction No. 3 given by the court shifted the real issue in the case from whether appellees owed appellants and the amount thereof to an issue of whether $200 was collected in a proper or improper manner by appellants. The manner of collecting $200 was immaterial if appellees owed it to appellants. In this regard the instruction was inherently erroneous and calculated to mislead the jury in diverting their attention from the real issue in the case, the real issue in the case being whether appellees employed appellants to foreclose both the Blevins and Chastain mortgages and, if so, the balance due them for performing such services.

On account of the error indicated the judgment is reversed, and the cause remanded for a new trial.